**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**MARK LETOURNEAU ET AL.,**

    **Plaintiffs,**

    **v.**

**VENTURE CORPORATION,**

    **Defendant.**

**Case No. 15-CV-2629-JAR**

## MEMORANDUM AND ORDER

Plaintiffs Mark LeTourneau and Deborah LeTourneau bring this action to recover personal injury damages arising from a motorcycle accident where he alleges he lost control as the result of uneven payment on the highway. Defendant Venture Corporation was hired by the State of Kansas Department of Transportation to perform the improvements to the highway that led to the alleged uneven pavement. Plaintiffs' Complaint alleges a personal injury action, negligence per se, and loss of consortium.[1] This matter is before the Court on Defendant's Motion to Strike and Exclude Plaintiffs' Designation of Jan Roughan of Roughan & Associates as an Expert (Doc. 54). Defendant alleges Roughan is properly excluded because her expert report does not comply with Fed. R. Civ. P. 26(a)(2). The motion to exclude is fully briefed, and the Court is prepared to rule. For the reasons explained in detail below, the Court denies Defendant's motion.

---

[1] Doc. 1.

1

**I.     Background**

Plaintiffs disclosed to Defendant the expert testimony of Jan Roughan of Roughan & Associates on August 8, 2016.[2]  Roughan offers testimony relating to a life care plan for Mark LeTourneau.  The life care plan offered included needs for past, present, and future procedural intervention, home and facility care, medical care, diagnostic testing, orthotics and prosthetics, psychological services, evaluations and treatment sessions, therapeutic equipment, aids for independent functions, drugs and supplies, wheelchair and mobility needs, home and home maintenance, and transportation.  The life care plan included estimated cost for all needs.

On August 18, 2016, Defendant filed an objection to Roughan's testimony on grounds that it did not comply with the requirements of Fed. R. Civ. P. 26(a)(2)(B).[3]  In particular, Defendant alleged that Roughan had (1) not signed the report, (2) had written "*DRAFT 8/8/16*" in the corner of each page, (3) included internal references that were blank and had phrasing like "awaiting response," and (4) failed to state the basis and reasons for the opinions provided or the facts or data she considered in forming the opinion.

On August 29, 2016, the parties held a mediation, which did not settle the case.  However, at the mediation, Defendant's counsel discussed with Plaintiffs' counsel, Michael DeKruif, the deficiencies of Roughan's expert report.  Defendant alleges that Plaintiffs' counsel assured him that the expert disclosure was compliant, was accompanied by a letter explaining her opinions, and was not a draft.  Plaintiffs allege that their counsel assured Defendant's counsel

---

[2] Doc. 51.  Plaintiffs disclosure of their experts was timely pursuant to the amended scheduling order in this matter.  Doc. 49.

[3] Doc. 52.  The scheduling order required that all technical objections related to the sufficiency of the written expert disclosures be made within 14 days after service of the disclosure.  Thus, this objection was timely filed.

that he would subsequently provide the signed introductory letter to the expert report as it may have been left out of the initial disclosure in error.

On September 2, 2016, Defendant's counsel sent Plaintiffs' counsel an email following up on the conversation from August 29.[4] The email explained that if the deficiencies were not remedied by September 7, 2016, Defendant would file a motion to exclude Roughan. On September 7, 2016, Plaintiffs' counsel emailed to Defendant's counsel the cover letter to Roughan's report.[5] The cover letter included Roughan's qualifications, the stated basis and factual considerations for her opinion, her signature, and language stating "[s]hould the need for edits and/or amendments arise, or should additional information become available, I reserve the right to amend the Life Care Plan in accordance with the same."[6] The motion considered herein was filed following the objection on September 7, 2016 requesting that Roughan's testimony be excluded.[7] According to Defendant's counsel, this motion was filed at 5:45 p.m. before receipt of the email including Roughan's cover letter. On September 19, 2016, per defense counsel's request, Plaintiffs submitted Roughan's report with the word draft omitted.[8]

Pursuant to the amended scheduling order in place at the time of the motion, Defendant had until October 27, 2016 to disclose rebuttal experts.[9] The Court has since granted another extension of time to disclose rebuttal experts, and the deadline was set at January 13, 2017.[10]

---

[4] Doc. 54-2.

[5] Doc. 55-2. The email was time stamped as 5:40 p.m. central standard time. This was 3:40 p.m. for Plaintiffs' counsel, who was located in California.

[6] Doc. 55-3.

[7] Doc. 54.

[8] Doc. 55-6.

[9] Doc. 49.

[10] Doc. 58.

3

## II.     Legal Standard

Defendant alleges that Roughan's expert report does not meet the requirements of Fed. R. Civ. P. 26(a)(2)(B), which governs the disclosure of expert witnesses. This rule requires that unless otherwise stipulated to or ordered by the court, an expert disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony. The report must contain:

> (1) a complete statement of all opinions the witness will express and the basis and reason for them;
> (2) the facts or data considered by the witness in forming them;
> (3) any exhibits that will be used to summarize or support them;
> (4) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (5) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (6) a statement of the compensation to be paid for the study and testimony in the case.[11]

"If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence" at trial, "unless the failure was substantially justified or is harmless."[12]

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court."[13] In determining whether the sanction of excluding an expert should be imposed, the district court should consider: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving

---

[11] Fed. R. Civ. P. 26(a)(2)(B)(i)–(vi).

[12] Fed. R. Civ. P. 37(c)(1).

[13] *In re Indep. Serv. Org. Antitrust Litig.*, 85 F. Supp. 2d 1130 (D. Kan. 2000) (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

4

party's bad faith or willfulness.[14]  The decision to exclude evidence is considered a drastic sanction for a failure to comply.[15]

Pursuant to D. Kan. Rule 37.2, if a technical objection is served pursuant to Fed. R. Civ. P. 26, counsel must confer or make a reasonable effort to confer before filing such an objection or motion.

**III.   Discussion**

The Court finds that Jan Roughan's testimony should not be excluded pursuant to Rule 37(c)(1).  A number objections to Roughan's report made pursuant to Rule 26(a)(2) are without merit in light of the cover letter submitted to Defendant's counsel on September 7, 2016.[16]  The cover letter contains Roughan's signature.  The cover letter reserves the right for amendments or edits should additional material become available, which negates the objection to an internal reference that was blank and included the phrase "awaiting response."  The cover letter contains the basis and reasoning for Roughan's opinion, including nurse life care planning standards, the nurse life planning process, review of medical records, information from Plaintiffs, review of deposition testimony, consultation with a physiatrist, analysis of geographically relevant cost, and computation of averages.  Further, by September 19, 2016, Plaintiffs presented Defendant's counsel with the life care plan without the term draft in the corner.[17]  Although the life care plan from September 19, 2016 contained the words "awaiting response" with an hourglass icon on the table of content page, it did not appear anywhere in the substantive part of the life care plan other

---

[14] *Woodworker's Supply*, 170 F.3d at 993.

[15] *In re. Indep. Serv. Org. Antitrust Litig.*, 85 F. Supp. 2d at 1162 (citing *Summers v. Missouri Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997)).

[16] Doc. 55-3.

[17] Doc. 56-2.  The life care plan presented on September 19, 2016 removed the word draft, but the date "8/8/2016" was still in the left corner.  It is not alleged nor has the Court found that the life care plan has been changed since August 8, 2016 other than the removal of the word draft.

than next to the names of the physicians reports consulted.  Therefore, every technical objection made by Defendant has been remedied.

Given the technical objections are without substantive merit, the Court is also not persuaded that the factors warranting exclusion weigh in Defendant's favor.  First, the Court finds that Defendant has suffered little prejudice as the result of Roughan's initial report disclosed on August 8.  The only argument the Court can discern Defendant makes as to this factor is that "Plaintiffs' designation of Jan Roughan will require Defendant undertake additional discovery to identify the basis for her opinions and the meaning behind her present report, at Defendants' own expense."[18]  However, as the Court has explained, Roughan's cover letter that was submitted to Defendant's counsel contained the basis for her opinion.  While it was not submitted until September 7, Plaintiffs' counsel did comply with the deadline Defendant's counsel set before filing the instant motion.  There is no need for Defendant to conduct discovery into the basis underlying Roughan's opinion.  Further, the other objections regarding the signature and the omission of the word draft are not prejudicial as these objections relate merely to technical aspects of the opinion.  There has been no substantive change to the report since August 8, 2016, so the Court accepts the report as the final work from Roughan.  Defendant does not allege nor could it reasonably allege that it suffered prejudice in designating rebuttal experts based on the objections to Roughan's report.[19]  Thus, the prejudice resulting is neglible, so this factor weighs against exclusion.

Second, the Court finds that any resulting prejudice has been remedied.  Defendant argues that it took three complaints for Plaintiffs to remedy Roughan's report and the non-

---

[18] Doc. 54 at 4.

[19] Defendant initially had until October 27, 2016 to disclose rebuttal experts, which was more than 30 days after the final September 19 report was submitted to Defendant's counsel.  The deadline was extended to January 13, 2017 for rebuttal expert disclosure, which was approximately four months after the final September 19 report.

compliance has delayed discovery. As the Court explained above, the cover letter was sent on September 7, which was twenty days after the initial objection was lodged on August 18. Defendant's counsel told Plaintiffs' counsel that this motion would be filed September 7 if the issues were not remedied. Plaintiffs' counsel remedied the issues with the signature, the right to amend, and the basis for the opinion with the submission of the cover letter on September 7. Further, the objection relating to the word draft in the left hand corner has no bearing on the substantive report, so it was not prejudicial. It was also remedied by September 19. Although there have been extensions granted to discovery deadlines,[20] there is no indication that this is solely due to the objections to Roughan's report. The delays to discovery from these technical objections have been minimal. Thus, this factor also weighs against exclusion.

Third, there is no indication from Defendant the extent to which introducing Roughan's testimony would disrupt the trial. The objections to Roughan's testimony have been remedied, so it is unclear how Roughan's testimony would disrupt the trial. Throughout the dispute herein, the trial date has not been moved. Thus, this factor also weighs against exclusion.

Finally, there is no evidence of bad faith or willful misconduct. Plaintiffs' counsel supplied the cover letter that remedied most of the concerns on September 7, which was compliant with the request made by Defendant's counsel. Plaintiffs further submitted an identical copy of the report with the word draft removed from the left hand corner on September 19. This factor again weighs against exclusion. Thus, because all four factors weigh against exclusion, the Court finds Roughan's testimony should not be excluded.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Strike and Exclude Plaintiffs' Designation of Jan Roughan as an Expert Witness (Doc. 54) is **denied**.

---

[20] Docs. 49, 58.

**IT IS SO ORDERED.**

Dated: April 3, 2017

S/ Julie A. Robinson<br>
JULIE A. ROBINSON<br>
UNITED STATES DISTRICT JUDGE