IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MARK LeTOURNEAU and DEBORAH LeTOURNEAU,**

    **Plaintiffs,**

    v.

**VENTURE CORPORATION, a Kansas Corporation,**

    **Defendant.**

Case No. 15-2629-JAR

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Venture Corporation's Motion to Designate Wichita as Place for Trial (Doc. 77). The motion is fully briefed, and the Court is prepared to rule. For the reasons set forth below, Defendant's motion is granted.

### I.   Factual Background

This is a diversity case arising from Plaintiff Mark LeTourneau's October 2012 motorcycle accident in a construction zone on U. S. Highway 281 in Barton County, Kansas, near Great Bend. Plaintiffs Mark and Deborah LeTourneau are residents of Temecula, California and originally filed this case in the U. S. District Court for the Central District of California.[1] Plaintiffs sued the Kansas Department of Transportation ("KDOT"), the Kansas Secretary of Transportation, and Venture Corporation, which was hired by KDOT to perform improvements to U. S. Highway 281. On December 16, 2014, Judge Phillips of the Central District of California dismissed KDOT and the Kansas Secretary of Transportation on Eleventh

---

[1] Doc. 1.

Amendment immunity grounds, leaving Venture Corporation as the only defendant.[2] Venture Corporation then moved to dismiss on the basis of improper venue and lack of personal jurisdiction.[3]

On February 26, 2015, the California court found that it lacked personal jurisdiction over Venture Corporation and transferred the case to the District of Kansas.[4] Judge Phillips denied Venture Corporation's motion as moot to the extent that it raised venue-related arguments and made no comment regarding which division within the District of Kansas would be appropriate for transfer and/or trial.[5] Following transfer, the case was internally assigned to the Kansas City Division and to the undersigned.

After the case was transferred to this Court in February 2015, Plaintiffs never filed a designation of place of trial as required by Local Rule 40.2(a). Defendant Venture Corp. did file a designation on March 5, 2015, requesting that trial be held in Wichita.[6] On the same date, Defendant filed an Unopposed Motion to Reassign and Transfer Case to the Wichita Division of the U.S. District Court for the District of Kansas.[7] That motion stated that Plaintiffs' counsel had been consulted and did not object to reassignment and transfer.

In an Order dated April 3, 2015, this Court denied Defendant's motion for reassignment and transfer, stating:

> The Court finds that a transfer is unnecessary in this case. Considering the Court's electronic filing system, the assignment of the case to the Kansas City Division will not affect the pretrial proceedings and filings in this case.

---

[2] Doc. 12.

[3] Doc. 14.

[4] Doc. 19.

[5] *Id.* at 5.

[6] Doc. 24.

[7] Doc. 25.

> Defendant has filed a Designation of Place of Trial, naming Wichita as the trial location. It is not necessary to transfer this case to the Wichita division in order to hold the trial there. Furthermore, if the parties agree to the Wichita trial location, the undersigned can conduct the trial at that location.[8]

Defendant renewed its request to have the trial in Wichita at the pretrial conference before Magistrate Judge Rushfelt on March 28, 2017. Judge Rushfelt did not resolve the issue, but noted in his Pretrial Order that Defendant had designated Wichita as the place for trial.[9] This case is currently set for trial in Kansas City on August 6, 2018.

On November 27, 2017, Defendant filed another Motion to Designate Wichita as Place for Trial.[10] At the final pretrial conference on November 30, 2017, Plaintiffs' counsel indicated that contrary to Plaintiffs' prior position on the matter, Plaintiffs intended to oppose Defendant's motion, which they did on December 11, 2017, arguing that the trial location should remain Kansas City.[11]

## II.   Legal Standard

Defendant moves to designate Wichita as the place of trial pursuant to D. Kan. Rule 40.2(e). While a plaintiff's request governs the place of trial unless the court orders otherwise,[12] "[t]he court is not bound by the requests for place of trial. It may determine the place of trial upon motion or in its discretion."[13] Because Kansas constitutes one judicial district and division, 28 U.S.C. § 1404(a), which governs change of venue, is not technically applicable to a request

---

[8] Doc. 29 at 2.

[9] Doc. 66 at 20.

[10] Doc. 77.

[11] Doc. 80.

[12] *Oliver v. Schmidt Transp., Inc.*, No. 11-1158-JAR, 2011 WL 4368999, at *1 (D. Kan. Sept. 19, 2011) (citing D. Kan. R. 40.2(a)).

[13] D. Kan. R. 40.2(e).

for intra-district transfer.[14] However, when considering a motion for intra-district transfer, courts of this district look to the same factors used to analyze a request for change of venue under § 1404(a).[15] That statute provides, in pertinent part, that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[16]

The factors considered by the court when conducting a § 1404(a) analysis include "the plaintiff's choice of forum, the convenience for witnesses, the accessibility of witnesses and other sources of proof, the possibility of obtaining a fair trial, difficulties that may arise from congested dockets, and 'all other considerations of a practical nature that make a trial easy, expeditious and economical.'"[17] Section 1404(a) "grants a district court broad discretion in deciding a motion to transfer based on a case-by-case review of convenience and fairness."[18] The burden of establishing that the existing forum is inconvenient lies with the moving party.[19]

While a plaintiff's choice of forum "should rarely be disturbed,"[20] the plaintiff's choice receives little deference when the plaintiff does not reside in his or her chosen forum.[21] This

---

[14] The United States District Court for the District of Kansas is considered one district with three divisions in Kansas City, Topeka, and Wichita. Thus, a motion for transfer within the District of Kansas is considered a motion for an intra-district transfer between the divisions.

[15] *McDermed v. Marian Clinic, Inc.*, No. 14-2194-EFM-KMH, 2014 WL 6819407, at *1 (D. Kan. Dec. 2, 2014) (quoting *Twigg v. Hawker Beechcraft Corp.*, No. 08-2632-JWL, 2009 WL 1044942, at *1 (D. Kan. Apr. 20, 2009)).

[16] 28 U.S.C. § 1404(a).

[17] *Oliver*, 2011 WL 4368999, at *1 (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)); *see also Callahan v. Bledsoe*, Case No. 16-CV-2310-JAR-GLR, 2017 WL 1303269, at *1 (D. Kan. Apr. 6, 2017).

[18] *McDermed*, 2014 WL 6819407, at *1 (citing *Chrysler Credit Corp.*, 928 F.2d at 1516).

[19] *Oliver*, 2011 WL 4368999, at *1 (citing *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)).

[20] *Callahan*, 2017 WL 1303269, at *2 (quoting *Mortg. Research Ctr., LLC v. Flagship Fin. Group, LLC*, No. 16-2253-JAR, 2016 WL 7229259, at *3 (D. Kan. Dec. 14, 2016)).

[21] *Id.* (citing *613 Agro Holdings, LLC v. Renick*, No. 12-245, 2013 WL 1091632, at *7 (D. Kan. Mar. 15, 2013); *Menefee v. Zepick*, No. 09-1227-JWL, 2009 WL 1313236, at *1 (D. Kan. May 12, 2009)); *see also McIntosh v. City of Wichita*, No. 14-2402, 2015 WL 1646402, at *2 (D. Kan. Apr. 14, 2015) (noting that the plaintiff's choice

Court recently found that while the "[p]laintiff's choice of forum is at least a factor to be considered . . . it must be given less weight in light of the fact that 'the rationale for allowing the plaintiff to dictate the forum evaporates' when the plaintiff lives outside of the forum."[22] Further, "courts have given little weight to a plaintiff's choice of forum where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum."[23]

In deciding a motion to transfer under § 1404(a), the relative convenience of the forum is "a primary, if not the most important, factor to consider."[24] The moving party must establish that the proposed forum is "substantially inconvenient," meaning that "all or practically all the witnesses reside in a different forum and traveling to the proposed forum is a substantial burden."[25] Demonstrating that the proposed forum is "substantially inconvenient" requires more than a showing that the movant's "alternative forum is marginally more convenient."[26] Rather, the movant must "identify the witnesses and their locations, indicate the quality or materiality of their testimony, and indicate that depositions from witnesses who are unwilling to come to trial would be unsatisfactory and the use of compulsory process would be necessary."[27] Unlike the convenience of the witnesses, "the convenience of counsel is entitled to little, if any, weight in

---

of forum is a "largely inapplicable" factor where the plaintiff does not reside in the forum) (quoting *Menefee,* 2009 WL 1313236, at *1).

[22] *Callahan*, 2017 WL 1303269, at n.7 (quoting *McIntosh ,* 2015 WL 1646402, at *2).

[23] *Id*. at *2 (quoting *McIntosh,* 2015 WL 1646402, at *2).

[24] *McIntosh*, 2015 WL 1646402, at *2 (quoting *Menefee*, 2009 WL 1313236, at *2); *see also McDermed*, 2014 WL 6819407, at *2 (stating that under § 1404(a), "the convenience of the witnesses is the most important factor") (citing *Cook v. Atchison, Topeka & Santa Fe Ry. Co*., 816 F. Supp. 667, 669 (D. Kan. 1993).

[25] *McIntosh*, 2015 WL 1646402, at *2 (citing *Menefee*, 2009 WL 1313236, at *2).

[26] *Hughes v. Blue Cross Blue Shield of Kan., Inc*., No. 12-2339 JTM, 2012 WL 3644845, at *2 (D. Kan. Aug. 24, 2012) (citing *Smith v. Staffmark Temp. Agency*, No. 07-2089-CM-GLR, 2007 WL 2436669, at *2 (D. Kan. Aug. 22, 2007)).

[27] *McDermed*, 2014 WL 6819407, at *2 (citing *Scheidt*, 956 F.2d at 966).

5

ruling on a § 1404(a) transfer . . . This is particularly so when no other factors weigh in favor of plaintiff's choice of forum."[28]

The parties in this case make no arguments concerning a difference between Kansas City and Wichita with respect to the possibility of obtaining a fair trial or any difficulties that might arise from congested dockets. Thus, the Court will focus its analysis on Plaintiffs' choice of forum and the convenience and accessibility of the witnesses and other sources of proof.

### III.  Analysis

#### A.  Plaintiffs' Choice of Forum

Plaintiffs contend that their "preference" for Kansas City weighs in favor of holding the trial in Kansas City. Plaintiffs explain that they did not file a designation of place of trial because this case was originally filed in California and, "[h]ad the case not been transferred, the place of trial would have been California."[29] Plaintiffs suggest that their preference for trial in Kansas City is at least partly due to their counsel's location in Kansas City, Missouri. They also point out that mediation was held in the Kansas City suburb of Overland Park and that Defendant's insurance carrier has offices located in Overland Park, although they do not explain how proximity to Defendant's insurer would have any impact on the convenience or appropriateness of the trial location.

Defendant argues that Plaintiffs, unlike Defendant, never filed a designation of place of trial. Defendant contends that Plaintiffs' choice of forum was California—not Kansas City—and that in any event, Plaintiffs' choice of forum is entitled to little deference because Plaintiffs are not residents. The Court is not persuaded by Plaintiffs' arguments and agrees with Defendant

---

[28] *Hughes*, 2012 WL 3644845, at *4 (quoting *Studdard v. Connaught Labs, Inc*., 793 F. Supp. 291, 292 (D. Kan. 1992)).

[29] Doc. 80 at 2.

that Plaintiffs' choice of forum should receive little deference because Plaintiffs are not residents of their preferred forum and—as set forth more fully below—this case has no meaningful connection Kansas City.

### B.   Convenience and Accessibility of Witnesses and Other Sources of Proof

Defendant argues that the trial of this matter should take place in Wichita because Wichita is, on balance, the most economic and convenient location.  Defendant is headquartered in Great Bend, near where the accident occurred in Barton County, and Defendant asserts that most of the witnesses are located in Great Bend or Wichita.  More specifically, Defendant contends that it needs to call twelve witnesses to testify in person at trial, nine of which live and/or work in Great Bend and two of which live in Wichita.  These witnesses are Defendant's representatives, KDOT witnesses, law enforcement officers, and first responders (the twelfth anticipated defense witness is an expert located in Topeka).  Defendant further argues that Plaintiffs, their lay witness (who was with Mark LeTourneau at the time of his accident), and Plaintiffs' four expert witnesses will be required to travel for trial regardless of whether it is held in Wichita or Kansas City, as they are all located in either California or Michigan.  Defendant argues that no witness or evidence is located in Kansas City, and that this case has no connection to Kansas City whatsoever.

Plaintiffs contend that Defendant has not met its burden to show that the current trial location, Kansas City, is substantially inconvenient.  Plaintiffs argue that Defendant need not call many out-of-town witnesses to testify in person at trial given the parties' stipulation in the Pretrial Order[30] as to the admissibility of the accident report, certain KDOT records and contracts, and Mark LeTourneau's medical records, whereas in comparison, Plaintiffs, their

---

[30] Doc. 66 at 4–5.

7

expert witnesses, and their lay witness will have to travel from out of state. Although Plaintiffs concede that Defendant's employees from Great Bend and two defense experts located in Wichita would need to travel to Kansas City, they state that the Great Bend witnesses would be traveling regardless and that the "travel time difference for any witness traveling from Great Bend to Kansas City, Kansas would result in an approximately less than two-hour difference in travel time."[31]

Plaintiffs contend that the most important issue here is the availability of flight and hotel accommodations for themselves and their out-of-state witnesses. Although they do not explain their objection to Wichita's lodging options, they do state that the Wichita airport offers a more limited flight schedule and only six commercial airline options, compared to nine carriers operating at the Kansas City airport. Plaintiffs state that their witnesses will be less likely to find direct flights to Wichita, that flights to Wichita will be more expensive, and that witnesses may be forced to spend an additional night in Wichita if a return flight cannot be had on the same date that testimony concludes.

In its reply brief, Defendant counters that despite the parties' stipulation as to the admissibility of certain exhibits, it still intends to call nine witnesses from Great Bend and two from Wichita to testify in person at trial. Defendant further argues that it may need to call medical providers who live in Wichita for rebuttal or impeachment purposes. Defendant states that contrary to Plaintiffs' assertion, Wichita offers more than adequate travel accommodations for witnesses traveling from out of state, including a virtually new airport with several major airlines, 8,000 hotel rooms, and 1,000 restaurants. Defendant points out that these witnesses will be traveling from long distances regardless of the trial location, and that Plaintiffs provide no

---

[31] Doc. 80 at 6.

support for their assertion that travel options for Wichita would be insufficient or more costly compared to Kansas City.

On balance, and giving little deference to Plaintiffs' choice of forum given that they are not residents (and never filed a designation of place of trial), the Court finds that the § 1404(a) factors favor transfer to Wichita for trial. Although the parties have not provided the Court with their Rule 26 disclosures, their briefing collectively identifies nineteen specific witnesses who will testify at trial and whose convenience and accessibility must be considered. Of these, nine are in Great Bend (an eight-hour round trip to Kansas City versus a four-hour round trip to Wichita), two are in Wichita (a six-hour round trip to Kansas City versus no travel required), one is in Topeka, and the remaining seven will be traveling by air from out-of-state regardless of whether the trial takes place in Wichita or Kansas City.[32]

Although it is possible that Plaintiffs are correct that flights to Wichita would be more expensive, a comparison of flight options for witnesses traveling from California and Michigan to Wichita or Kansas City, respectively, cannot be done without additional information about which airports in California and Michigan those witnesses would be using. Plaintiffs provide no estimates of how much longer travel would take or what the additional costs would be. Further, this Court recently found in a similar case that where the majority of the witnesses lived in Wichita, and the non-resident plaintiff and her experts would be required to travel from out of

---

[32] The Court takes judicial notice of the fact that per Google Maps, Defendant's headquarters are located one hour and 50 minutes (112 miles) from the Wichita courthouse, versus three hours and 40 minutes (251 miles) from the Kansas City courthouse. Thus, conducting the trial of this matter in Kansas City would mean a nearly eight-hour round trip by car for witnesses who reside in Great Bend, compared to a roughly four-hour round trip from Great Bend to Wichita and back. Witnesses who reside in Wichita would have to make an approximately six-hour round trip to testify in Kansas City, while they would have no need to travel if the trial took place in Wichita.

state regardless, Wichita was a more convenient trial location under § 1404(a).[33] The Court stated:

> Plaintiff makes a particularly unavailing argument that her current treating physicians and unidentified experts will be coming to Kansas from out of state, so the trial should be held in Kansas City to accommodate these witnesses. As out-of-state witnesses, these physicians and experts will bear the burden of travel regardless of whether the trial is in Wichita or Kansas City. The Court does not agree that because witnesses will be coming from out of state, the trial should be held in Kansas City. As the Court has previously explained, to the extent that Plaintiff requests the Court take judicial notice of a price difference in flights to Kansas City and Wichita, the Court declines to do so. These out-of-state witnesses may fly to Wichita rather than Kansas City.[34]

While holding the trial in Wichita will still require some travel for witnesses residing in Great Bend, Kansas City would be substantially inconvenient for these witnesses compared to Wichita. Although some of Plaintiffs' out-of-state witnesses may be required to spend an extra night in Wichita if their testimony concludes after the last departing flight, the same could easily happen were trial to be held in Kansas City. Further, were the trial to be held in Kansas City, witnesses who reside in Wichita and Great Bend could likewise face additional time away from home and work that could otherwise be avoided. Under § 1404(a) and this Court's precedent, Wichita is a more convenient trial location because out-of-state witnesses will incur travel costs regardless of whether the trial is in Wichita or Kansas City, whereas Wichita will be substantially more convenient for witnesses travelling by car from within the state.

The Court notes that although Wichita is the more convenient and appropriate trial location under § 1404(a), holding the trial there may require a change to the current trial date of

---

[33] *Callahan*, 2017 WL 1303269, at *4-5.

[34] *Id*. at *4.

August 6, 2018 to accommodate the Court's schedule.  Chambers staff will be in touch with counsel regarding scheduling.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Designate Wichita as Place for Trial (Doc. 77) is **granted**.  This case will be transferred to Wichita, Kansas for trial.

**IT IS SO ORDERED.**

Dated: January 19, 2018

S/ Julie A. Robinson<br>JULIE A. ROBINSON<br>CHIEF UNITED STATES DISTRICT JUDGE