IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK LETOURNEAU,

    Plaintiff,

v.    No. 15-2629-JWB

VENTURE CORPORATION,

    Defendant.

**MEMORANDUM AND ORDER**

This matter came before the court on July 20, 2018, for a hearing on pending motions and for a final pretrial conference. The court made several oral rulings at the hearing, which are summarized below. This order additionally sets out procedures for trial and other matters discussed with the parties at the hearing.

1. **Defendant's Motion in Limine (Doc. 85)**

    a. **Any other motorcycle accident occurring in the construction zone**

Defendant seeks to exclude the evidence of three separate motorcycle accidents that occurred before Plaintiff's accident. Defendant argues that Plaintiff did not provide any notice to Defendant of Plaintiff's intent to introduce the evidence. Defendant further argues that the accidents are not substantially similar.

Plaintiff responds that Defendant was on notice because the accidents were discussed in Plaintiff's expert report which was disclosed in August 2016, eight months prior to the pretrial conference. (Docs. 51, 66.) The court finds that Defendant was on notice regarding Plaintiff's intention to introduce evidence of the other accidents.

Kansas and the Tenth Circuit allow the introduction of other accidents to show "notice, the existence of a defect, or to refute testimony given by a defense witness that a given product was designed without safety hazards." *Ponder v. Warren Tool Corp.*, 834 F.2d 1553, 1560 (10th Cir. 1987). In order for the evidence to be admitted, the prior accidents must be "substantially similar to those involved in the present case." *Id.*

The accident reports for all three accidents are attached to Defendant's response. (*See* Doc. 86, Exhs. 6-8.) After review, the court finds that the Bruce accident is substantially similar to Plaintiff's accident and will allow the introduction of the accident at trial. Both Bruce and Plaintiff were traveling Highway 281 in the northbound lane and both motorcycles lost control on the shoulder due to the height difference in the new pavement. Any differences in the two accidents goes "to the weight to be given the evidence." *Ponder*, 834 F.2d at 1560.

The other two accidents were not substantially similar and will be excluded. The Gonzalez accident occurred as Gonzalez was crossing the center of the highway and he was struck by a truck. The Cavendar accident is not substantially similar as Cavendar was under the influence at the time of the accident. Therefore, Defendant's motion to exclude the evidence of the prior accidents is granted in part and denied in part.

**b. Any other lawsuits filed against Defendant relative to the construction work**

Evidence of other lawsuits is not relevant and will be excluded.

**c. Any post-accident changes made in the construction zone**

Defendant seeks to exclude any evidence of remedial measures taken by Defendant after the accident pursuant to Fed. R. Evid. 407. The evidence of post-accident remedial measures is inadmissible under Rule 407. In the event that evidence introduced at trial shows that there is an

issue regarding control or feasibility of putting up a sign, the court will revisit the issue should Plaintiff seek to introduce the evidence for rebuttal.

> **d. Any opinions, statements, suggestion, or conclusion by Plaintiff or Plaintiff's wife (Deborah LeTourneau) concerning causation and/or the standard of care applicable to Defendant's construction work.**

Defendant argues that Plaintiff and his wife should not be able to testify regarding the standard of care. Defendant cites to Plaintiff's and Deborah's depositions where they reference safety regulations in California. Plaintiff responds that Plaintiff should be allowed to testify "regarding the expectations of Plaintiff regarding the roadway condition." (Doc. 90 at 6.)

Plaintiff may testify as to what he observed on the highway and the circumstances of the accident. Plaintiff and Deborah LeTourneau cannot render any opinions regarding the standard of care, California safety regulations, or the safety of the highway.

> **e. Applicability of K.S.A. § 68-2102**

Defendant moves to exclude any reference to section 68-2102 on the basis that Judge Robinson's granted summary judgment on Plaintiff's negligence per se claim. Plaintiff contends that the statute is applicable to show the standard of care.

Judge Robinson's order reviewed both section 68-2102 and the Kanas Supreme Court's decision in *Kelly v. Broce Constr. Co.*, 205 Kan. 133 (1970). Judge Robinson determined that section 68-2102 cannot be used in a private action to state a claim of negligence per se but that the statute does provide a standard of care.

Therefore, to the extent that a witness or expert has relied on the statute, evidence regarding the statute is admissible at trial.

> **f. Any opinion, statement, suggestion, or conclusion that Plaintiff suffered a traumatic brain injury**

3

Plaintiff does not intend to introduce this evidence at trial. Therefore, Defendant's motion is granted on this issue.

### g. The existence of liability insurance

Plaintiff does not address this in his response and therefore has agreed not to introduce this evidence. Defendant's motion is granted on this issue.

### h. Defendant's financial condition

Plaintiff seeks to introduce the value of the KDOT contract on the basis that it is relevant to show that Defendant had sufficient funds to place more warning signs during construction. Defendant responds that it does not intend to argue that Defendant was financially unable to pay for the signs.

The value of the contract is not relevant to the issues in the case. Therefore, Defendant's motion is granted on this issue. Plaintiff may ask the court to revisit the issue if evidence regarding financial inability is introduced by Defendant.

### i. Prior settlement negotiations and/or discussions

Defendant's motion is granted on this issue.

## 2. Plaintiff's Motion in Limine (Doc. 87)

### a. All prior single-person accidents involving Plaintiff

Plaintiff seeks to exclude evidence of a prior 2007 motorcycle accident. As a result of that accident, Plaintiff suffered a tibia/fibula fracture on his left leg. Plaintiff contends that this evidence is not relevant and prejudicial. Defendant responds that the evidence is admissible and relevant on the issue of damages because Plaintiff is seeking damages to his left leg.

The court finds that the evidence of the accident is admissible to show that Plaintiff suffered injuries to his leg. The circumstances surrounding the accident are not relevant and will not be

admitted. Therefore, the evidence will be limited to the fact that there was a motorcycle accident and evidence regarding Plaintiff's injuries as a result thereof.

### b. Plaintiff's prior leg injuries

Plaintiff's motion to exclude the evidence of his prior leg injury is denied. Plaintiff stipulated to the medical records in the pretrial order and the records are relevant on the issue of damages as discussed *supra*.

### c. Plaintiff's disability rating assigned by the Department of Veterans Affairs

Plaintiff contends that the disability rating should not be admitted because it would confuse the jury as to the actual injuries suffered by Plaintiff in the accident. Plaintiff's motion to exclude the evidence of his prior leg injury is denied. Plaintiff stipulated to the records in the pretrial order and the records are relevant on the issue of damages.

### d. Therapy records

Plaintiff contends that the therapy records should be excluded as they are not relevant and would be prejudicial. Again, the records were stipulated to in the pretrial order. (Doc. 66 at 5.) Also, they are relevant on the issue of damages as Plaintiff seeks damages due to loss of consortium.

Plaintiff's motion to exclude the therapy records is denied.

### e. Plaintiff's association or affiliation with any motorcycle club or organization

Plaintiff seeks to exclude any evidence of his association with a motorcycle club, specifically with the Rough Riders, a club that he is a member of. Defendant does not intend to introduce this as evidence during trial but contends that it is necessary to ask questions regarding motorcycle clubs during voir dire for potential juror bias.

5

Plaintiff's motion to exclude this evidence during trial is granted. Defendant may generally question the panel regarding membership in a motorcycle club or organization without specifically referencing the Rough Riders.

    **f. Any reference to the fact that Plaintiff's counsel of record resides in California**

Plaintiff's motion on this issue is granted.

**3. Defendant's Objection to Plaintiff's Witness and Exhibit List (Doc. 96)**

Defendant objects to Plaintiff's Exhibit List as Plaintiff seeks to admit into evidence all expert reports. Defendant's Objection is sustained. The expert witnesses may testify consistent with his/her report but the reports will not be admitted as evidence.

**4. Voir Dire/ Opening Statements**

After the court's introductory remarks and questions, the court will conduct its voir dire questioning. Each party will then have 15 minutes to complete its own voir dire examination of the panel. After the panel is sworn, counsel will each have 30 minutes for an opening statement.

**5. Trial Schedule**

The court will meet with counsel on the morning of trial, August 6, 2018, at 8:30 a.m., if the parties have outstanding issues that need to be resolved prior to trial. Jury selection will begin at 9:00 a.m. The normal trial schedule will generally be from 9:00 a.m. to 12:00 p.m., and from 1-4:30, with a 15-minute recess in the morning and in the afternoon. The schedule may vary somewhat depending on presentation of witnesses. After counsel confer with one another, any issues that need to be addressed by the court outside the hearing of the jury should be raised prior to 9:00 a.m., during a recess, or after conclusion of the day's evidence, so the jury is not kept waiting.

Based on the claims and evidence to be presented, the court anticipates the parties will complete their presentation of evidence by Thursday, August 9, 2018, or no later than Friday morning, August 10 and that the jury will be instructed on Friday, August 10, 2018.

### **Conclusion**

Defendant's Motion in Limine (Doc. 85) is GRANTED IN PART and DENIED IN PART. Plaintiff's Motion in Limine (Doc. 87) is GRANTED IN PART and DENIED IN PART. Defendant's Objections to Plaintiff's Witness & Exhibit List is SUSTAINED.

IT IS SO ORDERED this 23rd day of July, 2018.

                                              __s/ John W. Broomes_____
                                              JOHN W. BROOMES
                                              UNITED STATES DISTRICT JUDGE